Nicole M. Strickler (IL 6298459)
Messer & Stilp, Ltd.
166 W. Washington St., Suite 300
Chicago, IL 60602
(312)334-3442 (direct)
(312)334-3434 (fax)
strickler@messerstilp.com

Mandarich Law Group
CACH, LLC
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN BENEDICT<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CACH, LLC and MANDARICH LAW GROUP, LLP,<br><br>　　　　　　Defendants. | CASE NO.  3:12-cv-01072-WQH-JMA<br><br>**NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11** |

PLEASE TAKE NOTICE that on December 7, 2012 at 1:30p.m., or as soon thereafter as this matter may be heard in Courtroom 12 of the above-entitled Court, located at 940 Front Street, San Diego, California, 92101, Defendant CACH, LLC and MANDARICH LAW GROUP, LLP ("Defendants") will move for Rule 11 Sanctions on the Complaint of Plaintiff Ron J. Culp ("Plaintiff") pursuant to Rule 11 of the Federal Rules of Civil Procedure.

　　The grounds for this Motion are that Plaintiff's Counsel violated his obligations under Rule 11 in filing and advocating the Complaint in this matter. First, the Complaint does not contain facts sufficient to meet the pleading standards articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) ("*Twombly*") and *Ashcroft v.*

1

*Iqbal*, 129 S.Ct. 1937 (2009) ("*Iqbal*"). Further, Plaintiff's claims are premised on a meritless distortion of the account stated cause of action and, as such, are frivolous. Despite being put on notice of these deficiencies by Defense Counsel as well as Judge Anello in a similar action, Plaintiff's Counsel has continued to advocate the Complaint in violation of Rule 11. Accordingly, Defendants are entitled to sanctions against Plaintiff's Counsel in the form of the attorneys' fees and costs spent by Defendants in defending this frivolous claim.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, Defendants' fully briefed motion for Judgment on the Pleadings, and the Proposed Order filed and served concurrently herewith, all papers and pleadings on file, and on such further oral and documentary evidence that may be offered at the Motion hearing.

DATED: October 4, 2012          MESSER & STILP, LTD.

                                By   /s/*Nicole M. Strickler*
                                     Nicole M. Strickler
                                     Attorney for Defendants

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiff Complaint purports to state a claim for relief against Defendants, Mandarich and CACH, for violations of 15 U.S.C. §1692 *et seq* (the "FDCPA"). Plaintiff bases his claims on a simple theory: Defendants may not collect a validly owed credit card debt by bringing a claim for account stated in state court action.

This theory, however, is wholly devoid of any merit. As a result, Defendants have moved for judgment on the pleadings on each of Plaintiff's claims. That motion is fully briefed and set for hearing before this Honorable Court.

Defendants bring the instant motion against Plaintiff's Counsel of record for filing and advocating these claims, which are not warranted by existing law. This is particularly true given two important facts. First, Plaintiff's Counsel was given prior warning by Defense Counsel as to frivolous nature of Plaintiff's claims. *See*, Copy of Letter to Plaintiff's Counsel, attached as Exhibit A. Most importantly, however, is the fact that Plaintiff's Counsel continued to advocate his Complaint despite the decision rendered by Judge Anello in *Hashimi v. CACH, LLC*, Case No. 3:12-cv-01010-MMA-BLM, a copy of which is attached to Defendants' Reply to Defendants' Motion for Judgment on the Pleadings. *Hashimi* involved a substantially identical form complaint that was specifically rejected and dismissed by the Court with prejudice.

Consistent with Defendants obligations under Federal Rule of Civil Procedure 11(c)(2), this Motion was served on Plaintiff's Counsel more than 21 days prior via mail. *See*, Certificate of Service, attached as Exhibit B.

## STANDARD

The standard to determine whether Rule 11 has been violated is objective reasonableness, or "reasonableness under the circumstances." Advisory Committee Notes to Fed. R. Civ. Proc. 11; *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 550-551, 111 S.Ct. 922, 933, 112 L. Ed. 2d 1140 (1991). "To warrant sanctions, a complaint must be 'baseless' and 'lacking in plausibility.'" *Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.*, 873 F.2d 1327, 1330 (9th Cir. 1989) citing *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987).

## ARGUMENT

In filing and later advocating the Complaint in this matter, Plaintiff's Counsel squarely violated their obligations under Federal Rule of Civil Procedure 11. The Rule provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . .the claims, defenses, and other legal contentions are warranted by existing law." Fed. R. Civ. P. 11(b)(2). The Ninth Circuit defines a frivolous claim or pleading for Rule 11 purposes as one that is "legally or factually 'baseless' from an objective perspective . . . and made without a reasonable and competent inquiry." *Q-Pharma v. Andrew Jergens Co.*, 360 F.3d 1295, 1299 (Fed. Cir. 2004) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)). Any signing party has "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 551 (1991). "Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Gutierrez v. Fox*, 141 F.3d 425, 427 (2nd Cir. 1998).

The Complaint in the instant matter is clearly legally and factually baseless from an objective perspective. Plaintiff's entire claim is based on the unsupported presumption that MLG and CACH violated the FDCPA by bringing an account stated claim in State Court to collect on a credit card debt in default. The use of common counts, such as account stated, has long served as a valid alternative means of recovering contractual damages on credit card debts in the State of California. *See, e.g.*, *HSBC Bank Nevada, N.A. v. Aguilar*, 141 Cal.Rptr.3d 206 (2012) (reversing order dismissing complaint and directing trial court to entry judgment for plaintiff on breach of contract, open book and account stated on credit card debt). Further, federal courts throughout California have firmly rejected "the notion that an action for unpaid credit card debt must be for breach of an original credit card agreement rather than for an account stated." *Shubin v. Midland Credit Mgmt., Inc.*, 2008 WL

5042849, *5 (C.D. Cal. 2008) (granting summary judgment in favor of defendant on FDCPA claim based upon complaint seeking to recover unpaid credit card debt asserting account stated claim); *see also*, *Greenberg v. Hunt & Henriques*, 2011 U.S. Dist. LEXIS 116992, *9 n. 2 (C.D. Cal. 2011) (noting that the Court's independent research did not find any support for the proposition that common counts cannot form the basis of a lawsuit to recover an unpaid credit card account.) Further, as Plaintiff's Counsel should be readily aware given his experience, merely filing a cause of action is insufficient to give rise to liability under the FDCPA. *See*, *Mansfield v. Midland Funding, LLC*, 2011 U.S. Dist. LEXIS 34102 (S.D. Cal. 2011) ("[A] debt collector may file a debt collection action even if the debt collector does not at the time of filing have adequate proof to support the claim.")

Even if it were arguable that Plaintiff's Counsel's theory was not objectively frivolous at the time the Complaint was filed, Plaintiff's further advocacy of the Complaint certainly violated his obligations under Rule 11. Plaintiff's complaint is almost identical to multiple federal complaints filed by Plaintiff's Counsel under the same flawed theory. One such Complaint, filed in *Hashimi v. CACH, LLC*, Case No. 3:12-cv-01010-MMA-BLM, was recently dismissed with prejudice by Judge Anello in response to a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Warning Plaintiff that his theory was fatally flawed, the Court explained, "[Plaintiff]'s claims in this action are premised on a fundamental misunderstanding of the account stated cause of action and, as such, are wholly devoid of merit." The Court further stressed that there is "nothing deceptive, misleading, or otherwise questionable about CACH's choice to pursue common counts in addition to a standard breach of contract claim" on a credit card debt. *Id.* at 7, n. 3. Despite this explicit warning from Judge Anello[1], Plaintiff's Counsel has continued to advocate his flawed claims in this matter, as well as many others.

---

[1] After service of the instant motion on Plaintiff's counsel, Plaintiff's counsel was again informed of the baseless nature of an almost identical form complaint in the related case of *Culp v. Mandarich Law Group et al.*, Case No. 3:12-cv-00927-AJB-DHB, D.E. 25.

5

MOTION FOR SANCTIONS
CASE NO. 3:12CV01072-AJB-DHB

Given Plaintiff's Counsel's clear disregard for their obligations under Rule 11, sanctions should be granted in favor of Defendants. Sanctions "may be composed of either or both a penalty payable to the court, and/or an award of reasonable attorneys' fees to the opposing party for those fees and other expenses incurred as a direct result of the violation," *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 175 (C.D. Cal. 2002) (citing Fed. R. Civ. P. 11(c)(2)), provided the amount of such sanctions "is limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," Fed.R.Civ.P. 11(c)(4). Plaintiff's Counsel must be deterred from filing and advocating other claims based upon his flawed theory. His actions not only unnecessarily increase the time and expense of this action to Defendants, but waste the Court's time as well. Here, Defendants only ask for their out of pocket costs and expenses in defending Plaintiff's frivolous claim. Accordingly, they ask leave to file a fee petition for the fees and costs incurred by their counsel in this matter.

## **CONCLUSION**

For the foregoing reasons, as it is clear that Plaintiff's Counsel has violated his obligations under Rule 11, Defendants respectfully request that Defendants be granted their out of pocket costs and expenses in defending Plaintiff's frivolous claim and for any other relief this Honorable Court deems just.

DATED: October 4, 2012          MANDARICH LAW GROUP, LLP
                                CACH, LLC


                                By   /s/ *Nicole M. Strickler*
                                     Nicole M. Strickler
                                     Attorney for Defendants